Mr. Justice Cox
delivered the opinion of the court:
This is an appeal from an interlocutory order passed at special term by Mr. Justice Hagner, and a motion to dismiss the appeal upon the ground that the order passed by him was not an appealable one. In the argument, the merits of the order itself were freely discussed, as well as the question of appealability, and we find that we cannot very well consider one without looking at the other.
*506 There is doubtless a class of cases in which interlocutory-orders are not appealable; yet, in a particular case, such an order inay become a very important matter to a party, because it may deprive him of a substantial defense or remedy and in that way involve the merits of the action. Therefore it is not sufficient to characterize an order generally as one not appeal-able. It is well then to inquire how this case arose.
A bill was filed by Mr. Taylor against Duncanson for a general accounting. He had conveyed some property to Duncanson to secure the payment of certain money and upon certain trusts involving a sale of the property and an application of the proceeds. A long series of transactions had taken place and this bill was filed for a general accounting. The defendant pleaded an account stated. Thereupon, as I recollect it, because I was in the Equity Term when the case was begun, there was a replication, and then the parties went on to take proof. The complainant undertook to prove the very matters which the defense held themselves exempted from discovering, by pleading an account stated. The defendant declined to answer interrogatories, in which he was sustained by the court, and thereupon the complainant had leave to amend his bill and he filed a bill setting out various allegations of fraud in the procurement of the stated account and errors in the account itself. To the amended bill, the defendant still simply pleaded an account stated, nothing more. Thereupon a motion was made on behalf of the complainant, to strike out the defendant’s plea, upon various grounds, and among others, that the order of the court gave the defendant leave only to answer the amended bill, and not to file a plea; that the plea was wholly informal and insufficient as a plea, and that the same was not filed within the time limited by the order of the court. The court did not grant this motion, although holding that the plea was irregular and insufficient, under the rule of court and under the general rules of chancery practice. The order passed at that time said: “Upon consideration of the motions filed in this cause on behalf of the complainant on the 10th day of February, 1892, and after hearing the argument as to the sufficiency of the plea filed herein by *507 the defendant on the 29th day of January, 1892, it is, this 12th day of February; 1892, ordered that the several motions set forth in the paper filed herein by the complainant on the 10th day of February, 1892, be, and the same are, and each of them is, hereby overruled; but it appearing to the court that the said plea is insufficient because it is tmsupported by an answer, and because it does not meet the several allegations of the amendments to the bill of the complaint in this case, in regard to these specific charges of fraud, error and misrepresentation contained in said amendments concerning the account stated, referred to in said amendments and in said plea, said plea is accordingly overruled, and leave is given to the defendant to file an amended plea with such answer within five days from this date.”
One of the objections to the plea was that it was informal and irregular, and the motion was to strike it out. Besides overruling the plea, special leave was given to file another* No appeal was taken from this order, and, therefore, it is to be assumed that the party acquiesced in it. Within five days thereafter, the defendant filed an amended plea. After stating the account, etc., the defendant denies that the said account was procured through fraud, misrepresentation, 'or the suppression of facts, or that he, the defendant, neglected to produce and deliver his vouchers at or before the statement of the said account, or that he refused to allow the complainant to examine the same, or that said account is incorrect or fraudulent in any of the said particulars in the said amendments to the said bill of complaint mentioned and alleged, or in any particular, except that he admits it to be true, as alleged in the sixth specification of the said amendments, that the certain interest therein mentioned was calculated in the said account up to the 31st day of July, 1886. The answer was a traverse of the charges in the bill, in general terms. It does not specifically deny any of the facts set out in the twelve specifications of fraud or mistake.
Upon the filing of that paper, which was begun as a plea and ended as an answer, the complainant moved “the court to strike from the files the paper filed in this cause on behalf *508 of the defendant on the 17th day of February, 1892, and purporting to be a plea to the amendments to the bill of complaint in this cause, for the reason that the same does not comply with the terms of the order made in this cause, on the 12th day of February, 1892, giving the defendant leave to file an amended plea within five days thereafter, said paper being defective and insufficient as a plea, in this.” etc. Two days’ notice was given of the hearing of this motion. The first ground of complaint upon the part of the defense is, that according to the rules of chancery practice, and according to our own rules, where an answer is filed and a plea is filed, the defendant has a right to have them set down regularly for hearing, and is not obliged to submit, on two days’ notice, to have his plea and answer acted upon; that this is not required by the rules of court nor by the general rules of practice in chancery, and that this is a question affecting a substantial right. Now, if the plea and answer had been filed in pursuance of the rules of practice of the court, there would be ground, perhaps, for this objection, but under the circumstances of this case, we do not think that the rules — the ordinary rules of the court — apply. The motion made is not to Strike out because the plea and answer do not comply with the rules of court, but because they do not comply with the conditions of an order passed by the court, and the court granted the motion for that reason. The defendant was in default, in the first instance, in not having complied with the requirements of the court’s order. It was a matter in the discretion of the court, and the court simply gave the permission to plead anew on certain conditions; that is, that he should answer the specific charges set out in the bill. The failure to do this is the ground of the motion. It was a motion to strikeout the plea, because it did not comply “with the terms of the order made in this case on the 12th day of February.” The court acted upon this motion, reciting in its decree or order: “And the court, upon consideration thereof, being of the opinion that said paper purporting to be a plea filed herein by the defendant, on the 17th day of February, 1892, is not in accordance with the terms of the order made herein on the 12th *509 day of February, 1892, giving the defendant leave to file an amended plea, it is this 7th day of March, 1892, ordered that said paper purporting to be a plea and an answer in support thereof filed herein by the defendant on the 17th day of February, 1892, is defective and insufficient,” etc. This shows that the ordinary rules of practice do not apply to such a case. It is a case where special leave was given to plead upon a certain condition, and upon the paper being filed, an application is made to the court on the ground that it did not comply with the conditions imposed. The motion made by the complainant was to strike out the plea, not because it did not comply with the ordinary rules of practice, or the ordinary rules of the court, but because it did not comply with the special leave granted on the 12th day of February, 1892.
Now, undoubtedly, it is for the judge at special term to insert a condition in any order giving leave to file pleas, to a defendant in default. " As a general rule, unquestionably, judges at special term have a right to say whether any order by them is complied with, and certainly unless we find that some substantial right of the party has been affected by the order, we will not consider the matter on appeal.
In a case like the present one, where the defendant interposes the plea of an account stated, and the complainant has alleged matters of fact in his bill, charging fraud or errors in the account, the defendant must meet the charge. In the first place, he must file his plea of an account stated, and in his plea he must traverse the matters of fact alleged in evidence of it in the bill. It is contended, and we think properly, on the part of the defense, that in the plea it is sufficient to traverse these matters in general terms, according to the ordinary rules of practice. It is not necessary that the plea should go into detail; it may traverse the matters in a general way. But besides that, it is incumbent upon the defendant to support his plea by a sworn' answer, and in his answer he must traverse the specific averments of the bill. Not only .that, but he must go a little further, and must discover as to all the matters alleged in avoidance of the bar, and there must be a full answer and discovery. The rule is laid down *510 thus in Daniel’s Chancery Practice, (3d Am. Ed.) p. 639: “We have before seen, that wherever a bill, or a part of a bill, the substantive case made by which may be met, by a plea, brings forward facts, which, if true, would destroy the effect of the plea, those facts must be negatived by proper averments in the plea; otherwise, they will be considered as admitted, and so deprive the defendant of the benefit of his defense. A plea, however, cannot be excepted to, and as it is not necessary that an averment in a plea should do more than generally deny the facts charged in the bill, the plaintiff might, if no answer were to be required from the defendant, in addition to his plea, be deprived of the indefeasible right which he has to examine the defendant tipon oath, as to all the matters of fact stated in the bill which are necessary to support his case. ’ ’
The same principle also required that a negative plea should be supported by an answer in those cases only in which the bill stated or charged facts by way of evidence of the plaintiff’s right. It was required in those cases, because the plaintiff, having a clear right in equity to a discovery of all matters within the knowledge of a defendant which would enable him to support his case, it would have been against that principle, if a defendant could, b3r merely denying the existence of the claim, have deprived the complainant of the means of proving its validity.
The court in the last order, which is appealed from, states that the paper purporting to be a plea and the answer in support thereof, is defective and insufficient “in this, that neither in that part of said paper which pterports to be a plea, nor in that part thereof which purports to be an answer in support of such plea, does the defendant answer specifically any of the twelve specifications of fraud and misrepresentation,” etc. It is very clear that the complainant is entitled to that answer either in the plea or in the answer, or both. Now it appears that both the plea and the answer traverse the averments of the bill in the most general terms, not specifically as we think the rules require, at least as to the answer, and as the order of court required; and the court was, therefore, doing no *511 injustice to the defendant in striking out the plea and answer" from the files for the reason that they did not comply with either the rules of court or the special order of court.
We are of the opinion, therefore, so far as regards the first paragraph of the order, that the court, in holding that said plea and the answer in support thereof “is defective and insufficient, in this, that neither in that p^rt of said paper which purports to be a plea, nor in that part thereof which purports to be an answer in support of such plea, does the defendant answer specifically any of the twelve specifications of fraud and misrepresentation contained in the amendments to the bill of complaint in this cause, except the sixth; and it is further ordered that said„ paper filed herein by the defendant on the 17th day of February, 1892, be, and it is hereby, overruled for these reasons,” did not do any injustice to the defendant.
There is one more paragraph in this order, as follows:
“And it is further ordered that the defendant have leave to file in this cause on or before the 14th day of March, 1892, a further amended plea and an answer in support thereof, bid that in both the plea and answer in support thereof, to be filed under the leave hereby given, the defendant shall answer specifically and in detail each of the said twelve specifications of fraud and misrepresentation contained in the amendments to the bill of complaint in this cause, and the defendant in such answer shall make full and complete discovery as to all the matters charged or inquired about in each of the said twelve specifications and in the prayers of said amendments to said bill of complaint.”
Now, according to the general rules as laid down in Daniels’ Practice, which I have already stated, the defendant would not be bound, dn his plea, to make the full answer that is required in this order; but that is no serious objection to this order, for two reasons: The first is, that this was a permission given after two defaults to file a plea and an answer, and the court had a right to impose any reasonable condition upon the defendant; and, in the next place it could do the *512 defendant no conceivable harm, to require him to repeat, in his plea, what he was clearly bound to set forth in his answer in support of it.
The order appealed from belongs^undoubtedly to the class of orders not generally appealable and is one of those which may be passed in the discretion of the court. Upon looking into the order itself, we see nothing in it which affects the merits of the case, and therefore the appeal is dismissed.